United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Ihassan F. Dahleh,<br><br>　　　　　　　　Debtor. | Case No. 15 B 04203<br><br>Chapter 7 |

## MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO CLAIM NO. 22

Ihassan F. Dahleh ("Debtor") has objected to allowance of Claim No. 22 of Marc Mustafa ("Claimant"). Claimant filed timely proof of claim in the amount of $190,000 identifying the source of the claim as "wages." Debtor's Objection argues that Claim No. 22 should be disallowed because Claimant's proof of claim fails to provide evidence that this liability exists, and further asserts that Claimant has never been employed by the Debtor personally.

On September 25, 2015, the court issued a scheduling order requiring Claimant to file a Response to the Objection appending copies of documents that support the claim and show an employment relationship. Both parties have timely briefed the Objection and the court has considered the briefs and exhibits filed in support.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)

## DISCUSSION

### A. DEBTOR HAS FAILED TO PROVIDE SUFFICIENT GROUNDS FOR DISALLOWANCE OF CLAIM

Claimant's Response appends copies of documents showing that Claimant was employed by Mortgage Direct, Inc. Debtor was the sole owner of Mortgage Direct and appears to have been in charge of management as well. One of the documents attached

to Claimant's Response acknowledges that Mortgage Direct owes a debt to Claimant for wages. This document is signed by Debtor as "sole owner" of Mortgage Direct.

In support of their claim against the Debtor individually, Claimant's Response references an Illinois statute that imposes liability on officers and directors of an employer for knowing violation of wage laws. *See* Claimant's Response, at ¶ 8 (quoting 820 ILCS 115/3 & 115/13). Claimant's Response therefore seems to state plausible grounds for imposing liability on the Debtor for the wages owed by Mortgage Direct to Claimant.

Debtor's Reply in support of his Objection argues in response that:

> The case law in Illinois, and as acknowledged by the Seventh Circuit Court of Appeals, is that if a company is unable to pay wages due to financial difficulties, an officer of that company cannot be held personally liable for the nonpayment—one cannot "knowingly permit" nonpayment when nonpayment is impossible. See *Ashley v. IM Steel, Inc.*, 406 Ill. App. 3d 222, 242 (2010) ("We recognize that a corporation's inability to pay employees eliminates any possibility that the employer acted willfully [sic] when failing to compensate employees, thereby negating liability under the Act."); *see also Stafford v. Puro*, 63 F.3d 1436, 1441 (7th Cir. 1995) (holding that "[a]corporation's inability to pay amounts due negates a finding that it behaved willfully [sic] under the Wage Act").

Debtor's Reply, at ¶ 7. However, that states a possible defense to the claim which must be tested by evidence.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." "Creditor" is defined to include an "entity that has a claim against the debtor that arose at the time of or before" the debtor's bankruptcy filing. 11 U.S.C. § 101(10)(A); *see* 11 U.S.C. § 303(b). The term "claim," in turn, is broadly defined to mean:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .

11 U.S.C. § 101(5).

2

Under § 502, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If a claim is objected to, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount," except to the extent that it is subject to one or more of nine grounds for disallowance enumerated in § 502(b). (Additional grounds for disallowance set forth in § 502(d) and (e) do not apply to the type of claim at issue in this case.)

Debtor here has not established that any of the grounds for disallowance set forth in § 502(b) exists.

A proof of claim filed in accordance with § 501 constitutes *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f). The party objecting to claim allowance carries the burden of rebutting the proof of claim. *In re Sentinel Mgmt. Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009); *In re J.S. II, L.L.C.*, 389 B.R. 563, 570 (Bankr. N.D. Ill. 2008); *In re Vastag*, 345 B.R. 882, 885 (Bankr. N.D. Ill. 2006). To rebut the presumption of validity of a claim, an objection must be premised on the grounds for disallowance set forth in § 502(b). *Sentinel Mgmt. Group*, 417 B.R. at 550; *Vastag*, 345 B.R. at 885. A proof of claim may not generally be disallowed solely because no supporting evidence was attached. *In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005).

### B. DEBTOR LACKS STANDING TO OBJECT TO CLAIM ALLOWANCE

Only a "party in interest" may object to the allowance of a creditor's claim. 11 U.S.C. § 502(a). A "party in interest" is "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Adair v. Sherman*, 230 F.3d 890, 894 n.3 (7th Cir. 2000); *Matter of FBN Food Servs., Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996). That interest must be pecuniary. *See In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998); *In re Kaiser*, 525 B.R. 697 (Bankr. N.D. Ill. 2014).

A chapter 7 trustee can distribute property of the estate to the debtor only after paying all claims, see 11 U.S.C. § 726(a), so a chapter 7 debtor is a "party in interest" with standing to object to claims only when there is a reasonable probability that there will be a surplus once all allowed claims are paid. *In re Stinnett*, 465 F.3d 309, 315–16 (7th Cir. 2006). Debtor has not shown that to be the case.

## CONCLUSION

Wherefore, Debtor's Objection to Claim No. 22 will be overruled by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of October, 2015