United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Ihassan F. Dahleh,<br><br>Debtor. | Bankruptcy No. 15-bk-04203<br>Chapter 7 |

# MEMORANDUM OPINION ON THE MOTION OF CREDITORS GHAZI AND ANNA MUSTAFA FOR RECOVERY OF ATTORNEY'S FEES AS DISCOVERY SANCTIONS (DKT. 131), AND THE MOTION AND BRIEF OF DEBTOR, LIQUOR STATION, INC. AND MORTGAGE DIRECT, INC. FOR ATTORNEY FEES FROM ANNA AND GHAZI MUSTAFA (DKT. 163)

The matters before the Court are two cross motions for sanctions. Anna and Ghazi Mustafa (the "Mustafas") brought their Motion of Creditors for Recovery of Attorney's Fees as Discovery Sanctions. (Dkt. 131). That matter was still pending when Ihassan F. Dahleh, Liquor Station, Inc., and Mortgage Direct, Inc. (collectively the "Debtor") brought their Motion. for Attorney Fees from Anna and Ghazi Mustafa. (Dkt. 163). Both sides accuse the other of needlessly prolonging discovery and thereby increasing the costs of litigation. Because the Court finds that both parties are at fault, both motions will be denied.

## Jurisdiction

This court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and Internal Operating Procedure 15(a) of the District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 157(b)(1), the bankruptcy judge presiding over a referred case has jurisdiction to enter appropriate orders and judgments in "core proceedings" within the case. These Motions are core proceedings under 28 U.S.C. § 157(b)(2)(A), therefore the Court can enter final orders as to each motion.

## Background

Prior to filing for bankruptcy, the Debtor owned and operated both Liquor Station, Inc. and Mortgage Direct, Inc. The Mustafas had loaned the Debtor money to help support the

1

companies. After the Debtor filed for Chapter 7 bankruptcy on February 9, 2015, the Mustafas started discovery to substantiate an objection to dischargeability of their claim under § 523 of the Bankruptcy Code. The Mustafas eventually filed their complaint on February 25, 2016, after several extensions were granted to file that complaint.

This matter, however, deals with a six month discovery dispute between the Mustafas and the Debtor. On May 28, 2015, the Mustafas brought a motion for the Debtor to produce documents and to conduct a Rule 2004 examination on the Debtor. (Dkt. 38). The motion included subpoenas and requests for production from the Debtor, Mortgage Direct, Inc., and Liquor Station, Inc. On June 2, 2015, the Mustafas' motion was granted and Debtor was required to produce all documents by July 2, 2015. (Dkt. 47, 49). Additionally, the Court ordered that the Debtor appear for an oral examination at the Mustafas' counsel's office by August 4, 2015. (*Id*).

According to the Debtor, he conferred with counsel for the Mustafas regarding limiting the scope of their discovery asserting that it was overly broad. (Dkt. 163, p. 4). Particularly, some of the documents requested related to the loans that the Mustafas made to Mortgage Direct, Inc. As the Debtor explained, the Mustafas' son, Marc Mustafa (hereinafter "Marc"), had been an employee of Mortgage Direct, Inc. and had prepared the loan documents. Moreover, in lieu of compensation, Marc had been given ownership interest in Mortgage Direct, Inc. to the point where he became owner of the company and had possession to all of its documents. (*Id.* at pp. 4-5). The Debtor has continuously argued that much of the sdubsequent discovery dispute could have been resolved had the Mustafas sought discovery from the proper source, Marc. Counsel for the Mustafas does state that he did interview Marc and that Marc stated that he did not have the requested documents. (Dkt. 178, p. 7). But no transcript of such interview or deposition was offered.

2

The Debtor failed to produce the requested documents by the July 2, 2015 deadline. According to counsel for the Mustafas, the Mustafas gave the Debtor numerous extensions to comply with the Court's June 2, 2015 order; however the Debtor still failed to comply. According to the Mustafas' Motion to Compel, brought on July 20, 2015, the Debtor's counsel "was attempting to coordinate his production of documents with Bankruptcy Rule 2004 requests which had been propounded by others." (Dkt. 57, p. 5).

The Mustafas' July 20, 2015 Motion to Compel requested production of the documents specified in their original motion as well as to extend time for a Rule 2004 examination of the Debtor. (Dkt. 57). On July 23, 2015, the Court granted that motion and ordered that the Debtor comply with the production requests on or before August 11, 2015. (Dkt. 60). A status hearing was set on this matter for the same day. On August 10, 2015, the Debtor brought a Motion for Protective Order requesting that the Mustafas' access to the requested documents be restricted. (Dkt. 63). That motion, however, was denied on August 14, 2015. (Dkt. 70).

On August 11, 2015, it was further ordered that the Debtor must produce the documents specified in the original motion forthwith and that the Rule 2004 examination of the Debtor should take place on or before August 25, 2015. (Dkt. 67). The Mustafas concede that the Debtor did produce 625 pages of documents on August 11, 2015. (Dkt. 131, p. 4). In total, the Mustafas acknowledge that the Debtor made additional productions of 1,873 pages on September 11, 2015, 153 pages on October 20, 2015, and 22 pages on October 23, 2015. (*Id.* at pp. 4-5). The Mustafas additionally state that there were documents produced on November 28, 2015 of 5 pages, on December 1, 2015 of 94 pages, and on December 9, 2015 when the Debtor's counsel provided the Mustafas' counsel a binder of document in court. (*See* Dkt. 178, pp. 2-3).

The parties eventually agreed on October 12, 2015 for the Rule 2004 examination. (Dkt.

3

95, p. 5). On October 9, 2015, Debtor's counsel informed the Mustafas' counsel that the Debtor would not attend the scheduled Rule 2004 examination because of a pending objection to Marc Mustafa's claim (Marc has been separately pursuing similar discovery against the Debtor). Eventually, Debtor's counsel agreed to produce the Debtor for the Rule 2004 examination on the condition that Marc, his attorney, and any mention of Marc's claim be excluded from examination. (*Id.* at pp. 5-6). Nothing was ever agreed to and the October 12, 2015 examination never occurred. As a result the Mustafas' filed a Motion for Civil Contempt against the Debtor on October 13, 2015. (*See generally* Dkt. 95).

On October 22, 2015, an order set November 3, 2015 as a status date on the Mustafas' Motion for Civil Contempt. (Dkt. 107). At the time, the Mustafas continued to assert that the Debtor failed to produce some of the requested documents. The Court asked counsel for the Mustafas which documents had yet to be produced. Counsel for Mustafas was not able to answer the question, therefore the Court instructed him to question the Debtor concerning outstanding discovery matters at the deposition.

On October 25, 2015 the Debtor appeared at a deposition and answered all the questions asked. As a result, on November 3, 2015 this Court entered an order that stated that the Debtor "thereby purged himself of possible contempt described by order entered October 22, 2015 (Docket No. 107) and is hereby discharged from the contempt proceeding." (Dkt. 119). The Mustafas continued to contend that document production had not been completed, yet they were still unable to point to specific documents that had not been produced. The Court, therefore, also ordered that by November 17, 2015 the Mustafas were to file an amended motion indicating what documents had been requested but not yet produced and to bring a motion, if any they had, indicating their basis for requesting fees. (Dkt. 121, 123). A briefing schedule for any motion to

be filed was also set.

The Mustafas filed both motions on November 17, 2015. (Dkt. 130, Motion to Compel); (Dkt. 131, Motion for Sanctions). The Debtor filed a response to the Motion to Compel on December 4, 2015. (Dkt. 135). In response, the Debtor argued that this was the first time that the Mustafas requested the items specified in their November 17 motion. (Dkt. 135, p. 1). Moreover, the Debtor pointed out that though the Mustafas complain of these missing documents, they never asked the Debtor about them at the Debtor's deposition as instructed by this Court. (*Id.* at p. 2). The Debtor also argued that the items were either not in his possession or had already been produced. (*Id.* at p. 1). The Debtor argued, and continues to argue, that the balance of the documents requested was in the possession of the Mustafas' son, Marc. Finally, the Response did include copies of some of the requested documents that the Debtor could produce. (*See* Dkt. 135). On December 11, 2015, the Court entered three orders concluding all outstanding motions to compel production of requested documents had been complied with. (Dkt. 146, 147, 148).

In regards to the Mustafas' motion for sanctions, the Court entered a separate order on December 6, 2015 granting the Debtor until December 21, 2015 to respond to the motion. (Dkt. 141). No response was filed. Instead, on January 12, 2016, the Debtor filed a Motion to Suspend Briefing Schedule and Hearing Regarding Motion by Mustafas for Attorney Fees. (Dkt. 150). In the motion, the Debtor requested either that the hearing be suspended or that he be given additional time to file a response. On January 14, 2016, the Court denied that motion. (Dkt. 160). On January 19, 2016, the Debtor brought an Emergency Motion that requested substantially similar relief as the January 12 motion. (Dkt. 159). This motion was also denied. (Dkt. 164). Finally, the Debtor filed his own motion for sanction on January 22, 2016. (Dkt. 163).

Therefore, the matters before the Court involve the unresolved Mustafas' Motion for

5

Sanctions (Dkt. 131), and the Debtor's Motion for Sanctions. (Dkt. 163).

## Discussion

In their Motions for Sanctions, both parties argue that the other side is responsible for the prolonged discovery dispute and request that the Court order the other party to pay its attorney's fees. As a preliminary matter, however, neither party provides a legal or statutory basis for asserting such a request.

There are three possible sources for the requests for sanctions: 1) Rule 9011 of the Federal Rules of Bankruptcy Procedure, 2) Rule 7037, and 3) § 105 of the Bankruptcy Code. Movants do not assert the applicability of any of these sources.

Section 105 provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). The Seventh Circuit has held that "under 11 U.S.C. § 105(a), bankruptcy courts may punish an attorney who unreasonably and vexatiously multiplies the proceedings before them." *Matter of Volpert*, 110 F.3d 494, 500 (7th Cir. 1997). This power also can be applied to both attorneys and parties who abuse the judicial process as evident by cases cited by the Seventh Circuit. *See id* (collecting cases); *id.* at n.8 (collecting cases). In short, "the plain language of § 105 furnishes the bankruptcy courts with ample authority to sanction conduct that abuses judicial process, including conduct that unreasonably and vexatiously multiplies bankruptcy proceedings." *Id.* at 501 (relying on *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278 (9th Cir. 1996); *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir. 1994)). Moreover, even if other statutes or rules could apply, "a sanctioning court is not required to apply available statutes and procedural rules in a piecemeal fashion where only a broader source of authority is adequate to justify all the necessary sanctions." *In re Rimsat, Ltd.*, 212 F.3d 1039,

1049 (7th Cir. 2000) (citing *Chamber v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991). The Court, as a result, can turn to § 105(a) to ensure that all culpable parties [receive] an appropriate sanction[.]" *Id.* Therefore, it must be determiend whether either party has unreasonably and vexatiously multiplied this bankruptcy proceeding through the course of this Rule 2004 discovery litigation.

The Mustafas claim that the Debtor is responsible for prolonging the Rule 2004 examination by repeatedly failing to comply with the Court order that scheduled the examination and its subsequent modifications. The Mustafas argue that instead of complying with the request for production, the Debtor repeatedly avoided discovery, so the Mustafas were required to bring their motions to compel. They further state that the Debtor also repeatedly and unreasonably failed to appear for his deposition.

The Debtor, in turn, claims that the Mustafas have caused these litigation troubles by repeatedly making document requests while not being able to articulate which documents were missing. In particular, the Debtor points to the list of documents that the Mustafas included in their November 17, 2015 motion to compel. (Dkt. 130). The Debtor claims that the request for these documents was entirely new, and that the Mustafas never clarified that these documents were missing from the Debtor's earlier disclosures nor informed the Debtor of his lack of compliance in regard to these documents. Furthermore, the Debtor argues that any untimely or unresolved discovery issue was ultimately resolved by entry of this Court's November 3, 2015 order, which purged the Debtor of any possible contempt, and the December 11, 2105 order, which stated that discovery has been completed with all documents produced. (*See* Dkt. 119, 146). Finally, the Debtor also states that a number of the documents were not in the Debtor's possession and that the Mustafas' should have directed their discovery efforts at their son, Marc,

who should have possession of the Mortgage Direct, Inc. documents.

Both parties are found to be equally culpable for the prolonged nature of the discovery proceedings. Both sides refused to listen to one another and resolve the issues in an efficient manner. The result has been a series of proceedings that have required a great deal of court intervention for what should otherwise be simple matters. The Mustafas are correct that the Debtor failed to comply with discovery by the original date and that there had to be a number of postponements. At the same time, however, the Debtor's request for additional time was due to the Debtor being unable to obtain documents that were not originally in his possession. Moreover, after the Debtor did make a substantial document production in August of 2015, the Mustafas still pursued their motion to compel. It was not until after this Court's intervention at the November 3, 2015 hearing, that the Mustafas compiled a list of documents that had yet to be produced. (*See* Dkt. 121, 130). In short, both parties are culpable for the situation that they find themselves in and should be held equally responsible.

## Conclusion

For the aforementioned reasons, the Mustafas' Motion for Recovery of Attorney's Fees as Discovery Sanctions (Dkt. 131) and the Debtor's Motion for Attorney's Fees (Dkt. 163) are denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 18th day of April, 2016